**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE GAS NATURAL, INC. | ) | CASE NOS. 1:13CV02805; |
| | ) | 1:13CV02718; 1:13CV2822; |
| | ) | 1:14CV0007; 1:14CV0026 |
| | ) | |
| | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| | ) | |
| | ) | |
| | ) | |
| | ) | **ORDER APPROVING** |
| | ) | **SETTLEMENT AND ENTRY OF** |
| | **)** | **JUDGMENT** |
| | ) | |

This matter is before the undersigned United States Magistrate Judge by consent of the parties pursuant to 28 U.S.C. § 636(c)(1) and Local Rule 73.1(a). On January 31, 2017, this Court entered an order preliminarily approving settlement and providing notice ("Preliminary Approval Order"). (Doc. No. 121). On April 12, 2017, the Court held a hearing on Plaintiffs' Unopposed Motion for Final Approval of Settlement (Doc. No. 122) as set forth in the Stipulation of Settlement dated January 13, 2017 (the "Stipulation"). (Doc. 120-2). On April 14, 2017, the parties' consent to the jurisdiction of this Court was entered. (Doc No. 127).

Due and adequate notice having been given to Gas Natural Inc. ("Gas Natural" or the "Company") shareholders as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings and otherwise being fully informed in the premises

1

and good cause appearing therefore, Plaintiffs' Unopposed Motion for Final Approval of Settlement is GRANTED and IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and except where otherwise indicated all capitalized terms used herein shall have the same meanings and/or definitions as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Consolidated Action, including all matters necessary to effectuate the Settlement, and over all Settling Parties to the Consolidated Action, including plaintiffs Durgerian and Ferrigno, Current Gas Natural Shareholders, Gas Natural, and the Individual Defendants.

3. The Court finds that the Settlement is fair, reasonable, and adequate as to each of the Settling Parties and that the Settlement provides substantial benefits to Gas Natural and its shareholders. The Court hereby grants Plaintiffs' unopposed motion and finally approves the Settlement in all respects and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

4. The Consolidated Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice. As between plaintiffs Durgerian and Ferrigno, Gas Natural, and the Individual Defendants, the Settling Parties are to bear their own costs and attorneys' fees, except as otherwise provided herein and in the Stipulation.

5. Upon the Effective Date, plaintiffs Durgerian and Ferrigno and Current Gas Natural Shareholders, on behalf of Gas Natural, and Gas Natural, shall be deemed to have (and by operation of a final judgment in the Consolidated Action shall have) fully, finally, and forever settled, released, extinguished, waived, discharged, and dismissed with prejudice any and all

Released Claims against the Released Parties, and shall forever be barred and enjoined from initiating, instituting, commencing, maintaining, or prosecuting any and all Released Claims against any Released Parties.

6. Upon the Effective Date, the Individual Defendants and each of the other Released Parties, on behalf of themselves, their heirs, executors, administrators, insurers, predecessors, successors, and assigns, shall be deemed to have (and by operation of a final judgment in the Consolidated Action shall have) fully, finally, and forever settled, released, extinguished, waived, discharged, and dismissed with prejudice any and all Defendants' Released Claims against plaintiffs Durgerian and Ferrigno and Lead Counsel and shall forever be barred and enjoined from initiating, instituting, commencing, maintaining, or prosecuting any and all Defendants' Released Claims, against plaintiffs Durgerian and Ferrigno, Lead Counsel, and Gas Natural.

7. The Court finds that the Summary Notice of Pendency and Proposed Settlement of Shareholder Derivative Action published in Investor's Business Daily, the filing and posting of the Notice of Pendency and Proposed Settlement of Shareholder Derivative Action ("Notice") with the U.S. Securities and Exchange Commission by a Current Report on Form 8-K, and the Notice and Stipulation posted on the websites of Robbins Arroyo LLP and Gas Natural, provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notices fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and due process under the U.S. Constitution.

8.  The Court finds that during the course of the Consolidated Action the Settling Parties and their respective counsel at all times acted professionally and in compliance with Rule 11 of the Federal Rules of Civil Procedure, and all other similar statutes or court rules with respect to any claims or defenses in the Consoldiated Action.

9.  The Court hereby approves the sum $3,200,000 to Lead Counsel for the payment of attorneys' fees and unreimbursed expenses (the "Amount").  The Amount shall be released in accordance with the terms and conditions set forth in the Stipulation.  The Court further approves the sum of $5,000 each to plaintiffs John Durgerian and Joseph Ferrigno in recognition of plaintiffs Durgerian's and Ferrigno's participation and efforts in the prosecution of the Consolidated Action.  The sums are to be paid from the Amount and from no other source.

10.  Neither the Stipulation (including the exhibits attached to it) nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Parties as a presumption, a concession or an admission of, or evidence of, the validity of any Released Claim, or of any fault, wrongdoing or liability of the Released Persons; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Gas Natural, the Individual Defendants, and/or their Related Persons may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.  Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; and (ii) the Settling Parties for the purpose of construing, enforcing, and administering the Stipulation and the Settlement, including, if necessary, setting aside and vacating this Judgment, on motion of a party, to the extent consistent with and in accordance with the Stipulation if the Judgment fails to become Final in accordance with the Stipulation.

12.  If for any reason any of the conditions of paragraph 6.1 of the Stipulation does not occur, or if the Stipulation is in any way canceled, terminated, or fails to become Final in accordance with its terms, all Settling Parties and Released Persons shall be restored to their respective positions in the Consolidated Action as of the date immediately prior to the execution date of the Stipulation.  In such event, the terms and provisions of the Stipulation shall be null and void and of no force and effect, except for paragraph 6.2, unless the Settling Parties' counsel mutually agree in writing otherwise, and the Stipulation shall not be deemed to constitute an admission of fact by any of the Settling Parties, and neither the existence of the Stipulation nor its contents, shall be admissible in evidence or be referred to for any purposes in the Consolidated Action or in any litigation or judicial proceeding.

13. This Judgment is a final, appealable judgment and shall be entered forthwith by the Clerk in accordance with Federal Rule of Civil Procedure 58.

**IT IS SO ORDERED.**

                                                  *s/Jonathan D. Greenberg*
                                                  Jonathan D. Greenberg
                                                  United States Magistrate Judge

Date: <u>April 17, 2017</u>